IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-456-D

| | |
|---|---|
| GERARD MICHAEL SLUSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Gerard Michael Slusser ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (D.E. 54, 56). Both parties submitted a memorandum in support of their respective motions. (D.E. 55, 57). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 58). For the reasons set forth below, it will be recommended that plaintiff's motion be denied, the Commissioner's motion be granted, and the final decision of the Commissioner be affirmed.

I.  BACKGROUND

A.  Case History

Plaintiff filed an application for DIB on 30 December 2008, alleging a disability onset date of 1 December 2004. Transcript of Proceedings ("Tr.") 112-13. His application was denied initially, and again upon reconsideration, and a request for hearing was timely filed. *Id*. 77-86. On 23 November 2009, a hearing was held before an Administrative Law Judge ("ALJ"). *Id*. 22-

56. The ALJ issued a decision denying plaintiff's claim on 29 January 2010. *Id.* 10-18. Plaintiff timely requested review by the Appeals Council. *Id.* 6. The Appeals Council denied the request for review on 27 August 2010. *Id.* 1-5. At that time, the decision of the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff commenced this proceeding on 25 October 2010 seeking judicial review pursuant to 42 U.S.C. § 405(g). (D.E. 1).

**B.     Standards for Disability**

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe the attributes an impairment must have to be disabling:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4) (as effective until 11 Nov. 2010).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*; *see also, e.g., Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (holding that the ALJ is required to consider all of plaintiff's impairments and their cumulative effect on plaintiff's ability to work); *Coleman v. Astrue*, No. 3:10–CV–1254, 2011 WL 3924187, at *13 (S.D. W. Va. 7 Sept. 2011) (noting that impairments must be considered in combination and not in isolation and their

cumulative effect analyzed) (citing, *e.g.*, *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985) and *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)).

### C. Findings of the ALJ

Plaintiff was 29 years old on the alleged onset date of disability and 34 years old on the date of the administrative hearing. *See* Tr. 17 ¶ 7, 27.[1] He has a high school education and some college education. *Id.* 17 ¶ 8.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ made the finding at step one that plaintiff had engaged in substantial gainful activity from the alleged onset date of disability until February 2007, when plaintiff underwent spinal surgery. Tr. 12 ¶ 2. But the ALJ also found that plaintiff had not engaged in substantial gainful activity since the date of that surgery, even though he was paid regularly by the Army during the alleged disability period. *Id*. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe within the meaning of the Regulations, 20 C.F.R. § 404.1520(c): degenerative disc disease, carpal tunnel syndrome, cubital tunnel syndrome,[2] obstructive sleep apnea, tendonitis, and Graves disease.[3] Tr. 12 ¶ 3. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. *Id.* 13.

The ALJ then determined that plaintiff had the RFC to perform light work, including lifting and carrying 20 pounds occasionally and 10 pounds frequently; pushing and pulling, using arm or leg controls, 20 pounds occasionally and 10 pounds frequently; standing and walking 6

---

[1] For ease of reference, the court has included in citations to the ALJ's decision the numbered paragraph in which the cited material is located if text from more than one numbered paragraph appears on the page referenced.

[2] Cubital tunnel syndrome is a group of symptoms resulting from compression of the ulnar nerve within the cubital tunnel at the elbow, which can include abnormal sensations in fingers and weakness of hand muscles. *Stedman's Medical Dictionary*, entries for "cubital tunnel syndrome" and "paresthesia" (27th ed. 2000).

[3] Graves disease is an ailment of the thyroid gland. *See Stedman's Medical Dictionary*, entry for "Graves disease" (27th ed. 2000).

4

hours and sitting up to 6 hours in an 8-hour work day, but with a need for an option to sit or stand at will. *Id.* 14. The ALJ further found that plaintiff could occasionally reach overhead and occasionally perform stooping, crouching, kneeling and crawling, but was limited to no more than frequent handling or fingering. *Id.* The ALJ also found plaintiff to be unable to perform work at heights or around dangerous machinery and to have a decreased ability to concentrate on and attend to work tasks such that he can perform only simple, routine, and repetitive tasks. *Id.* Finally, the ALJ determined that plaintiff had no visual or communicative limitations. *Id.* Based on this RFC, the ALJ found at step four that plaintiff was unable to perform any past relevant work. *Id.* 17 ¶ 6.

At step five, the ALJ found that there were a significant number of jobs in the national economy that plaintiff can perform. *Id*. 17 ¶ 10. These include the jobs of parking lot attendant, office helper, and photocopying machine operator, as described with certain exceptions in the *Dictionary of Occupational Titles* (4th ed., rev. 1991). *Id*. 18 ¶ 10. In making this determination, the ALJ accepted the testimony of a vocational expert specifying these jobs as among those that could be performed by a hypothetical person purportedly having the same capabilities as those of plaintiff. *Id*. The ALJ concluded that plaintiff was not under a disability from the alleged onset date of disability through the date of his decision. *Id.* 18 ¶ 11.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche*, 715 F.2d at 150.

6
Case 5:10-cv-00456-D   Document 59   Filed 10/27/11   Page 6 of 10

### B. ALJ's Consideration of Impairments in Combination

Plaintiff contends that the ALJ's decision should be reversed because the ALJ failed to consider the cumulative effect of all of plaintiff's impairments on his ability to work. Specifically, plaintiff asserts that the ALJ failed to assess the combined effects of his lumbar degenerative disc disease, bilateral carpal tunnel, cubital tunnel syndrome, obstructive sleep apnea, peripheral neuropathy of the lower extremities, migraine headaches, and anxiety. The court disagrees.

A review of the ALJ's decision shows that he considered all of plaintiff's impairments in combination throughout the disability determination process. At step two of the sequential analysis, although the ALJ does not expressly address impairments other than those he found to be severe, it can be inferred that he considered all of plaintiff's impairments in combination because, as discussed below, he subsequently discussed them in combination along with the medical evidence underlying them and considered them in formulating plaintiff's RFC. *See* Tr. 12 ¶ 3, 14-17 ¶ 5; *see also Pittman v. Astrue*, No. 5:08-CV-83-FL, 2008 WL 4594574, at *4 (E.D.N.C. 10 Oct. 2008) (memorandum and recommendation adopted by court) (holding that the ALJ's failure to set forth a specific finding of severity or non-severity of an impairment at step two was not reversible error because ALJ considered the impairment in determining claimant's RFC). At step three, the ALJ found expressly that "claimant does not have an impairment or *combination of impairments* that meets or medically equals one of the [listings]." Tr. 13 (emphasis added).

In making his RFC determination, the ALJ reviewed comprehensively and in detail the medical evidence of record. *Id.* 14-17 ¶ 5. He also reviewed plaintiff's hearing testimony, including his alleged activities of daily living.[4] *Id.* 16.

In the RFC determination he made, the ALJ included limitations that address each of plaintiff's impairments, as the ALJ's decision makes apparent. *See id.* 14. For example, the ALJ's finding that plaintiff could do only light work takes into account plaintiff's several musculoskeletal impairments, including the degenerative cervical and lumbar disc disease, the headaches caused by his cervical disc problems, the carpal and cubital tunnel syndromes, the peripheral neuropathy associated with his hip osteoarthritis, and the shoulder tendonitis, as well as the chronic pain that plaintiff experiences from each of these conditions.

The ALJ's limitation on handling or fingering by plaintiff to no more than frequently clearly addresses not only plaintiff's carpal and cubital tunnel syndromes, but also the numbness that plaintiff claims to experience in his upper extremities. The limitation of plaintiff to reaching overhead only occasionally is responsive to plaintiff's shoulder tendonitis and plaintiff's assertion that he experienced pain in his shoulders only when he raises his arms above 90 degrees (*see id.* 207).

The ALJ limited plaintiff to only simple, routine, and repetitive tasks expressly to account for his "decreased ability to concentrate on and attend to work tasks." *Id*. 14. This

---

[4] The ALJ found that although plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, his statements regarding the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the RFC determination. Tr. 16. Plaintiff does not squarely challenge the ALJ's credibility determination, although plaintiff's argument assumes that his impairments have the limiting effects he alleges. The court finds that the ALJ's credibility determination was lawful. *Craig*, 76 F. 3d at 594-95 (establishing two-step process for evaluation of allegations of pain and other symptoms); *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006) (requiring that if the ALJ does not find plaintiff's statements to be credible, he must cite "specific reasons" for that finding that are "grounded in the evidence") (quoting Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *4 (2 July 1996)); *see also* 20 C.F.R. § 404.1529 (setting out factors in evaluation of claimant's pain and other symptoms).

limitation also addresses any fatigue, memory loss, or inability to concentrate resulting from plaintiff's obstructive sleep apnea and anxiety.

The ALJ applied the RFC, reflecting as it does plaintiff's impairments in combination, at step four to determine that plaintiff could not perform his past relevant work. *See id.* 17 ¶ 6. The hypothetical he provided the vocational expert accurately reflected the RFC.[5] *See id.* 18 ¶ 10, 54.

The court concludes that the ALJ properly considered the combined effect of plaintiff's impairments. More specifically, the ALJ's analysis of plaintiff's impairments is based on application of the proper legal standards and is supported by substantial evidence. Plaintiff's challenge to the ALJ's decision therefore fails.

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion for judgment on the pleadings be GRANTED, plaintiff's motion for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

The Clerk is DIRECTED to send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

---

[5] The hypothetical included the additional limitations that plaintiff not engage in balancing and climbing. Tr. 54. Because this limitation rendered the hypothetical more restrictive than the RFC, it did not prejudice plaintiff.

This, the 27th day of October 2011.

_____
James E. Gates
United States Magistrate Judge