IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-456-D

| | | |
|---|---|---|
| GERARD MICHAEL SLUSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On October 27, 2011, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 59]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 54], grant defendant's motion for judgment on the pleadings [D.E. 59], and affirm the final decision of defendant. On November 14, 2011, plaintiff filed objections to the M&R [D.E. 60]. Defendant did not respond to plaintiff's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff restates the arguments made to Judge Gates. The court has reviewed the record and the arguments de novo. The arguments merit no further discussion beyond Judge Gates's cogent analysis in the M&R, and the court adopts the M&R [D.E. 59]. Thus, plaintiff's objections to the M&R [D.E. 60] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 54] is DENIED, defendant's motion for judgment on the pleadings [D.E. 56] is GRANTED, and

2

defendant's final decision is AFFIRMED.

SO ORDERED. This 30 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge

3